## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| ANTHONY W. WIGGINS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-3565 (ACR) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ ) | | |

## <u>ORDER</u>

*Pro se* Plaintiff Anthony W. Wiggins brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain information maintained by the Executive Office for United States Attorneys (EOUSA), a component of the United States Department of Justice (DOJ). Dkt. 1. After receiving Plaintiff's lawsuit, EOUSA processed Plaintiff's request and produced responsive records.

DOJ has now filed a Motion for Summary Judgment. Dkt. 38. Plaintiff opposes the Motion, and disputes the adequacy of EOUSA's search and the propriety of its claimed exemptions. Dkt. 45. Finding insufficient evidence to support summary judgment on some of the claimed exemptions, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion for Summary Judgment.

I.     **BACKGROUND**

A North Carolina jury convicted Plaintiff of multiple drug charges on March 13, 2014. *See Wiggins v. United States*, 2017 WL 1857233, at *1 (E.D.N.C. 2017); Dkt. 12 at 5.  On October 15, 2019, Plaintiff submitted a FOIA request to EOUSA seeking all records related to his prosecution, which EOUSA acknowledged by letter on November 7, 2019.  Dkt. 38 ¶¶ 1, 3; Dkt. 39-1 ¶ 5.

At EOUSA's direction, the U.S. Attorney's Office for the Eastern District of North Carolina (EDNC) searched for responsive records and located 5,840 potentially responsive pages that it sent to EOUSA for processing.[1]  After sorting through duplicates and records deemed non-responsive, EOUSA identified 3,261 responsive pages.  Dkt. 39-1 ¶¶ 20-21.  Between October 29, 2021, and March 17, 2023, EOUSA released to Plaintiff 2,395 responsive pages in full or in part, redacting information under FOIA exemptions 6, and 7(C), codified in 5 U.S.C. § 552(b).  Dkt. 38 ¶¶ 4, 11.  EOUSA withheld 794 pages in full under FOIA exemptions 5, 6, and 7(C), as well as fifty-one pages of sealed records.  *Id*.; Dkt. 39-1 ¶ 22 n.7.  EOUSA also referred six pages to the Drug Enforcement Administration (DEA) and fifteen pages to the Bureau of Prisons (BOP) for each component to process and provide a direct response to Plaintiff.  *Id*.; Dkt. 39-1 ¶ 22.  On May 25, 2022, DEA withheld the six referred pages in full under FOIA exemptions 3, 6,

---

[1]     EOUSA processes FOIA requests for all 94 districts of the United States Attorney's Offices. *See* Dkt. 39-1 ¶¶ 1-4.

and 7.[2]  Dkt. 38-5 at 2-4.  On September 20, 2023, BOP released thirteen pages and two redacted

pages, withholding third-party information under FOIA exemptions 6 and 7(C).  Dkt. 38-6  ¶¶ 4-

12.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment

only if there is no genuine issue of material fact and judgment in the movant's favor is proper as

a matter of law."  *Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (cleaned up);

*see* Fed. R. Civ. P. 56(a).  In a FOIA case, a district court reviews the agency's decisions de

novo, *Schoenman v. FBI*, 604 F. Supp. 2d 174, 186 (D.D.C. 2009), and "the burden is on the

agency to sustain its action."  5 U.S.C. § 552(a)(4)(B).  Summary judgment "may be granted on

the basis of agency affidavits if they contain reasonable specificity of detail rather than merely

conclusory statements, and if they are not called into question by contradictory evidence in the

record or by evidence of agency bad faith."  *Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir.

2017) (cleaned up).

Additionally, if the agency withholds information, it must "demonstrate that the

information withheld logically falls within the claimed exemption."  *Mil. Audit Project v. Casey*,

656 F.2d 724, 738 (D.C. Cir. 1981).  Finally, "to satisfy FOIA's aims of providing more

transparency into the workings of the government," an agency must show that it made an

---

[2]    DOJ's FOIA regulations permit the component processing a FOIA request to refer a record to the component "best able to determine whether to disclose the record," which is presumed to be the component "that originated the record." 28 C.F.R. § 16.4(d)(2).  The referring component, here EOUSA, must ultimately "account for the responsive materials located in [its] records, even if the decision to release or withhold information is left to the component where those records originated." *Lea v. Exec. Off. for United States Attorneys*, 85 F. Supp. 3d 85, 88 (D.D.C. 2015). EOUSA has not discussed DEA's withholding of documents in full nor invoked Exemption 3 as a basis for withholding information. In supplementing the record, EOUSA should address these omissions.

adequate search for records responsive to a FOIA request. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022).

### III.  DISCUSSION

#### A.  Adequacy of the Search

In opposing summary judgment, Plaintiff asserts that EOUSA has not produced "911 cell information," nor photos taken of his "face" inside his residence at the time of his arrest, but "only photos taken in Jailhouse." Dkt. 45 at 1-3 (parenthesis omitted). Plaintiff's argument does not overcome summary judgment because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

Rather, an agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (cleaned up). The court may rely on an agency's "reasonably detailed [declarations], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia- Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (cleaned up). Summary judgment is inappropriate only "if a review of the record raises substantial doubt as to the search's adequacy[.]" *Shapiro v. U.S. Dep't of Just.*, 40 F.4th 609, 613 (D.C. Cir. 2022) (cleaned up), *cert. denied*, 143 S. Ct. 526 (2022). In assessing an agency's fulfillment of its FOIA obligations, the court gives an agency's declarations "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (cleaned up).

Based on the declaration EOUSA has submitted, the Court finds that its search was "reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild*, 641 F.3d at 514. EOUSA correctly identified the Eastern District "as the holder of the records." Dkt. 39-1 ¶ 15. Using the terms "Anthony Wayne Wiggins" and "applicable . . . Criminal Case Number 5-12-cr-00274-D-1," Eastern District staff searched CaseView, the electronic case identifier system used by U.S. Attorney offices nationwide, "to identify and confirm the case number" and the Assistant U.S. Attorney assigned to the case. *Id*. ¶¶ 18-19. Due to the age of the case, the records were retrieved from the Federal Records Center. The Eastern District also conducted "an email search" by sending inquiries to "all staff members," including "IT support, support staff, and the AUSAs in the EDNC for electronic and paper file records." *Id*. Those searches located thousands of potentially responsive records "fit[ing] the search terms" that the staff then sent to EOUSA for processing. *Id*. ¶ 20.

Without evidence to counter EOUSA's demonstrably adequate search, Plaintiff's assertion of missing records is not enough. Because he offers no such evidence, EOUSA is entitled to judgment on the search for responsive records.

### B. Exemptions

Turning to exemptions, EOUSA argues that it is entitled to summary judgment because Plaintiff failed to "meaningfully challenge the appropriateness of [its] withholdings pursuant to applicable FOIA exemptions." Dkt. 48 at 7. But on summary judgment, the "burden is always on the movant to demonstrate why summary judgment is warranted," and the "nonmoving party's failure to oppose summary judgment does not shift that burden." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). The Court therefore must "determine for itself" whether EOUSA's assertions warrant judgment under Rule 56, *id*., and "state on the record the

reasons for granting or denying the motion." *Id*. at 508-09 (quoting Fed. R. Civ. P. 56(a)).

        *1.     FOIA Exemption 5*

EOUSA withheld 107 pages under Exemption 5. Dkt. 39-1 ¶ 23. Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). It exempts "only those documents . . . normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 149 (1975). The withheld document "must . . . satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). At least "three types of [privileged] material fall within" Exemption 5's protective scope: pre-decisional deliberative memoranda, notes and the like; attorney work product; and attorney-client communications. *Burka v. Dep't of Health Hum. Servs*., 87 F.3d 508, 516 (D.C. Cir. 1996) (summarizing cases).

EOUSA invokes the deliberative process privilege, Dkt. 39-1 ¶¶ 23-31, which protects documents that are "predecisional and deliberative." *Machado Amadis v. United States Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020). Documents are predecisional "if they are generated before the adoption of an agency policy, and deliberative if they reflect the give-and-take of the consultative process." *Id*. (citation omitted). Under Exemption 5, the privilege "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). This privilege, unlike attorney work product, does not shield facts that are reasonably capable of being separated from

the exempt portions and released. *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 365-66 (D.C. Cir. 2021); *cf. Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 372 (D.C. Cir. 2005) (holding that "because the emails at issue . . . are attorney work product, the entire contents of these documents . . . are exempt from disclosure under FOIA" Exemption 5).

EOUSA describes the withheld documents as follows: eighty-three pages of undated and unsigned proposed amended jury instructions "generated by the AUSAs" and containing "attorney notes," Dkt. 39-1 ¶ 28 and Dkt. 38-4 at 11-13; an unsigned and undated ten-page draft document titled "USAO Response – Introduction and Instruction," Dkt. 39-1 ¶ 27; an unsigned and partially dated eleven-page document titled "Appellant Brief . . . generated by the AUSAs and Agency employment staff" and "containing markings," *id*. ¶ 29; and three pages of emails vaguely described as having "named the plaintiff" and "referenced attorney communication and information between the EDNC employment staff and AUSAs regarding the prosecution of plaintiff and the co-defendant's criminal cases," *id*. ¶ 24.

EOUSA relies solely on the deliberative process privilege without establishing the deliberative nature of each document or category of documents withheld and how "disclosure 'would' —not 'could'— adversely impair internal deliberations[.]"[3] *Reps. Comm. for Freedom of the Press*, 3 F.4th at 369-70. EOUSA's cryptic descriptions do not establish "the type of back-and-forth exchange of ideas, constructive feedback, and internal debate . . . that sits at the heart of the deliberative process privilege." *Id*. at 364. Nor do the generic assertions of harm to internal discussions, Dkt. 39-1 ¶ 30, parroted throughout the *Vaughn* index "suffice to carry the

---

[3] EOUSA alludes to attorney-client communications and/or attorney work product, *see* Dkt. 39-1 ¶¶ 24, 27-30, but has not asserted either privilege.

Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980). Thus, summary judgment on the Exemption 5 withholdings is not warranted.

2. *FOIA Exemption 7(C)*

EOUSA withheld 687 pages in full and 1,627 pages in part under FOIA Exemptions 6 and 7(C). Exemption 6 protects personnel, medical, and similar files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id*. § 552(b)(7)(C). Because "Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6," *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989), and the records were compiled for a criminal prosecution, *see* Dkt. 39-1 ¶¶ 14, 33, the Court confines its analysis to Exemption 7(C). *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health, Dep't. of Health and Hum. Servs.*, 745 F.3d 535, 541 (D.C. Cir. 2014).

Here, EOUSA must show that disclosure of responsive documents "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In making this determination, a court must "balance the privacy interest against the public interest in disclosure, including any potential interest in airing governmental misconduct." *Protect Democracy Project, Inc. v. National Sec. Agency*, 10 F. 4th 879, 889 (D.C. Cir. 2021). The privacy interest at stake belongs to the individual, not the government agency, *see U.S. Dept. of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 763-65 (1989), and an

8

individual has a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information," and requests for third-party information "are strongly disfavored." *Blackwell*, 646 F.3d at 41.

EOUSA properly redacted the names and other identifying information of third-party individuals, including Eastern District employees, third-party witnesses, and co-defendants of the criminal case, and plausibly explains the foreseeable harm in disclosing such information. Dkt. 39-1 ¶¶ 36, 37. But neither the declaration nor the *Vaughn* index adequately describes the 687 pages withheld in full, and Exemption 7(C) "ordinarily permits the Government to withhold only the specific information to which it applies, not the entire page or document in which the information appears." *Mays v. Drug Enf't Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Thus, summary judgment on the Exemption 7(C) withholdings is not yet warranted.

### C. Sealed Records

Finally, EOUSA has not properly justified withholding fifty-one sealed pages. In this circuit, the "test for determining whether an agency has improperly withheld records placed under seal by a court is 'whether the seal, like an injunction, prohibits the agency from disclosing the records.'" *Judicial Watch, Inc. v. U.S. Dept. of Justice*, 813 F.3d 380, 383 (D.C. Cir. 2016) (cleaned up). It requires courts in FOIA cases "to examine (1) any explicit sealing order . . . , if there is one; (2) extrinsic evidence about the intended scope of a purported sealing order; (3) orders of the same court in similar circumstances; [or] (4) the issuing court's general rules or procedures." *Id*. (cleaned up). EOUSA has offered no evidence to warrant summary judgment on the withheld sealed records.

**CONCLUSION**

When, as here, an agency's declarations fall short of supporting summary judgment, the appropriate remedy, consistent with Rule 56, is to allow the agency to supplement the record with additional declarations "rather than to order discovery." *Shapiro*, 40 F.4th at 615.

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment, Dkt. 38, is **GRANTED** in part and **DENIED** in part without prejudice; it is further

**ORDERED** that Plaintiff's Motion to Compel, Dkt. 50, and Motion for a Status Report, Dkt. 52, are **DENIED**; it is further

**ORDERED** that by May 30, 2025, Defendant shall supplement the record consistent with this opinion, release any non-exempt records, and absent a settlement agreement, move again for dispositive relief.

This Order is not intended for Publication.


Dated:  March 21, 2025

                                        _____
                                        ANA C. REYES
                                        United States District Court Judge